**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Twila D. McInnis</u>

   v.                                                    Civil No. 15-cv-486-JD

<u>James H. McInnis</u>

**<u>REPORT AND RECOMMENDATION</u>**

In this case, Twila McInnis (a New Hampshire resident) alleges that James McInnis (a Texas resident) owes her "$96,412 in child support arrearage." Doc. no. 1 at 3. Ms. McInnis asserts that Mr. McInnis "has been in contempt of court several times and continues to avoid payment of child support obligations." <u>Id.</u> Ms. McInnis claims that this matter has been handled by the New Hampshire Division of Child Support Services, "but they have been unsuccessful in collecting" payment from Mr. McInnis. <u>Id.</u> As a result, Ms. McInnis contends that Mr. McInnis's actions have "placed an unnecessary strain" on her, their children, and the state. <u>Id.</u>

For relief, she requests the court order $96,412 in child support arrearage, a $250,000 fine, and "imprisonment at the court's discretion." <u>Id.</u> at 4. Ms. McInnis cites 18 U.S.C. § 228 as the statutory basis for her action. Doc. no. 1-1 at 1.

In April 2016, the court conducted a preliminary review of this matter and directed that the complaint be served upon Mr. McInnis. Doc. no. 5. In June, Mr. McInnis answered the

complaint. Doc. no. 7. Although a pretrial conference is currently scheduled for July, under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Based on additional review, the court recommends that the district judge dismiss this action for lack of subject-matter jurisdiction.

Here, the court lacks subject-matter jurisdiction because this case falls under the domestic relations exception to federal jurisdiction. "This exception, delineated by [the Supreme Court] in 1992, 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Child support decrees also fall under this exception. See Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998); Rubin v. Smith, 817 F. Supp. 995, 998 (D.N.H. 1993). Here, other than requests for fines and imprisonment, Ms. McInnis's sole demand is "restitution" for child support payments. Doc. no. 1 at 4. As a result, her action is jurisdictionally barred.

In addition, 18 U.S.C. § 228 – the statute cited by Ms. McInnis as her basis for relief – does not satisfy subject-matter jurisdiction. Also known as the Deadbeat Parents Punishment Act of 1998 ("DPPA"), 18 U.S.C. § 228 authorizes the

2

government to prosecute certain parents who have not paid child support. Under the DPPA, the court may order restitution as part of its sentence. See § 228(d). The DPPA, however, does not provide Ms. McInnis with a private cause of action. See Beall v. Beall-Siegman, No. 13-CV-457-PB, 2013 WL 6073532 (D.N.H. Nov. 18, 2013). Her claim therefore fails to satisfy subject-matter jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action for lack of subject-matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 16, 2016

cc:   Twila D. McInnis, Pro Se
      James H. McInnis, Pro Se